UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEN SMITH,

      Plaintiff,

v.                                                              Case No. 8:18-cv-270-T-AAS

UNIVERSITY COMMUNITY
HOSPITAL, INC. d/b/a FLORIDA
HOSPITAL CARROLLWOOD,

      Defendant.
_____/

## ORDER

Ben Smith moves to compel more complete answers to discovery from University Community Hospital. (Doc. 21). However, Mr. Smith's motion fails to comply with the Local Rules in two ways.

First, Local Rule 3.01(g) requires a party submitting a non-dispositive motion to include a statement in the motion that (1) certifies that moving counsel conferred with opposing counsel about the motion and (2) states whether counsel agree on the resolution of the motion. Confer means a substantive discussion. Middle District Discovery (2015) at I(A)(2). Sending one letter outlining alleged deficiencies in discovery responses is insufficient to meet the conferral requirement under Local Rule 3.01(g). *Greenwood v. Point Meadows Place Condo. Ass'n, Inc.*, No. 3:10-CV-1183-J-34TEM, 2011 WL 5358682, at *1 (M.D. Fla. Nov. 7, 2011).

Mr. Smith failed to properly satisfy Local Rule 3.01(g). Mr. Smith stated he mailed one letter to opposing counsel that outlined alleged deficiencies in University Community Hospital's discovery responses. (Doc. 21, p. 2). Because sending one

1

letter is insufficient to meet the referral requirement under the Local Rules, Mr. Smith has not complied with Local Rule 3.01(g).

Second, Local Rule 3.04(a) states the following:

> A motion to compel discovery pursuant to . . . Rule 37, Fed.R.Civ.P, shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party . . . immediately followed by a statement of the reason the motion should be granted.

Although he quoted Local Rule 3.04(a), Mr. Smith failed to comply with the rule. (Doc. 21). Instead, Mr. Smith attached copies of the discovery requests he sent to University Community Hospital. (*Id.*). Local Rule 3.04(a) requires the party moving to compel discovery to include each discovery request he wishes to compel in the motion with the corresponding objection quoted in full, followed by an explanation on why the court should compel a proper response to each individual request. Compliance with Local Rule 3.04(a) allows the court to readily examine each objection in the context of each discovery request and determine whether each objection is meritorious. Local Rules 3.04(a) eliminates the need for the court to sift through the motion for requests, responses, or legal argument. Therefore, Mr. Smith's attaching discovery requests to his motion to compel fails to comply with Local Rule 3.04(a).

University Community Hospital is not blameless despite Mr. Smith's failure to comply with the Local Rules. The Middle District Discovery handbook states the following:

> Responding to Discovery Requests. A party responding to a discovery request should make diligent effort to provide a response that (i) fairly meets and complies with the discovery request and (ii) imposes no unnecessary burden or expense on the requesting party.

Middle District Discovery (2015) at I(C)(4). The party responding to discovery requests has a duty to supplement or correct discover responses. *Id.* "Fairness and professionalism suggest a broader range of circumstances requiring supplementation." *Id.* Moreover, counsel must respond promptly to communication from opposing counsel. *Id.* at I(A)(2).

Here, Mr. Smith's counsel sent a letter to University Community Hospital's counsel on July 11, 2018, detailing his request for better discovery answers. (Doc. 21-5). According to Mr. Smith, as of the date he submitted his motion to compel (August 15, 2018), University Community Hospital failed to respond to his July 11th communication. (Doc. 21, p. 2). University Community Hospital should timely respond to discovery requests and communications from opposing counsel.

Because the motion to compel (Doc. 21) does not comply with the Local Rules, it is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida, on August 17, 2018.

*/s/ Amanda Arnold Sansone*
———————————————
AMANDA ARNOLD SANSONE
United States Magistrate Judge