UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEN SMITH,

    Plaintiff,

v.                                                                                   Case No. 8:18-cv-270-T-AAS

UNIVERSITY COMMUNITY
HOSPITAL, INC. d/b/a FLORIDA
HOSPITAL CARROLLWOOD,

    Defendant.
_____/

## ORDER

University Community Hospital (Community Hospital) moves to stay discovery pending the ruling on Community Hospital's motion for judgment on the pleadings. (Doc. 26). Ben Smith opposes Community Hospital's motion. (Doc. 27). Community Hospital's motion for judgment on the pleadings presents a purely legal question and requires no discovery. Therefore, Community Hospital's motion to stay discovery is **GRANTED**.

### I. BACKGROUND

Mr. Smith sues Community Hospital claiming violations of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collections Practices Act (FCCPA). (Doc. 1). Mr. Smith's causes of action arise out of medical treatment he received from Community Hospital (doing business as Florida Hospital Carrollwood). (*Id.* at 2). According to Mr. Smith, Community Hospital violated the FDCPA and FCCPA when Community Hospital (1) filed and posted a lien on Mr. Smith's

1

outstanding medical bills in Hillsborough County's public records and (2) sent a copy of the hospital lien to Mr. Smith despite knowing Mr. Smith was represented by counsel. (Doc. 1, p. 3).

Community Hospital denies it violated the FDCPA and FCCPA. (Doc. 10). Community Hospital moved for judgment on the pleadings and, alternatively, summary judgment. (Docs. 23, 24).[1] Mr. Smith responded to Community Hospital's motion for judgment on the pleadings. (Doc. 25).

Community Hospital moves to stay discovery pending the ruling on its motion for judgment on the pleadings. (Doc. 26). Mr. Smith opposes the stay. (Doc. 27).

## II. ANALYSIS

A court, for good cause, may stay discovery to protect parties from undue burden or expense. Fed. R. Civ. P. 26(c); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558–59 (11th Cir. 1985) (citation omitted). A court should resolve facial challenges to the legal sufficiency of a claim, which present purely legal questions, before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (citations omitted). Disposing of nonmeritorious claims early prevents litigants from incurring unnecessary discovery costs. *Id.* at 1367–68.

A defendant's motion for judgment on the pleadings is a facial challenge to the legal sufficiency to the complaint, which presents a purely legal question. *Horsley v.*

---

[1] Community Hospital submitted its motion for judgment on the pleadings and its memorandum of law in support separately. (Docs. 23, 24). Local Rule 3.01(a) requires a party to include its memorandum of law with its motion in a single document. The parties are again reminded to strictly follow the Local Rules. (*See* Doc. 22) (addressing the parties' failure to comply with the Local Rules).

2

*Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (citations omitted). The standard for deciding motions for judgment on the pleadings is the same for motions to dismiss: "whether the count stated a claim for relief." *Sun Life Assur. Co. of Canada v. Imperial Premium Fin., LLC*, Nos. 17-10189, 17-10415, ___F.3d___, 2018 WL 4443054, at * 5 (11th Cir. Sept. 18, 2018) (citations omitted). As a result, neither the parties nor the court require discovery before ruling on a motion for judgment on the pleadings. *Horsley*, 304 F.3d 1125 at 1131 n.2 (citation omitted).

Community Hospital's motion for judgment on the pleadings presents a purely legal question that requires no discovery. In its motion for judgment on the pleadings, Community Hospital argues filing a hospital lien is not considered a debt collection act under the FDCPA or FCCPA. (Doc. 24, pp. 3–4). Community Hospital also claims sending an informational letter about a hospital lien is not considered a debt collection act under the FDCPA or FCCPA. (*Id.* at 4–6). Neither the court nor the parties require discovery to resolve these issues Community Hospital raised.

When it answered Mr. Smith's complaint, Community Hospital included two documents central to Mr. Smiths claims: the letter Florida Hospital Carrollwood sent Mr. Smith about its hospital lien and the "Hospital Claim of Lien" Florida Hospital Carrollwood filed with Hillsborough County. (Docs. 10-1, 10-2). In his responses to Community Hospital's motion for judgment on the pleadings and motion to stay discovery, Mr. Smith did not dispute the authenticity of the documents Community Hospital attached to its answer. (Docs. 25, 27). Courts may consider documents attached to answers when deciding Rule 12(c) motions for judgment on the pleadings

3

when the documents are central to a claim and authenticity is undisputed. *Horsley*, 304 F.3d at 1134–35. Therefore, the court can consider Community Hospital's attachments to its answer, but no other documents are necessary to decide its motion for judgment on the pleadings.

Mr. Smith argues the court should grant him leave to amend his complaint if it grants Community Hospital's motion for judgment on the pleadings. (Doc. 27, pp. 3–4). In that scenario, Mr. Smith's amended complaint could possibly change the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). A court should stay discovery when the scope of discovery under Rule 26(b)(1) could change. *See Chudasama*, 123 F.3d at 1368 (discussing how a district court hindered the "needs of the case" analysis under Rule 26 when it permitted discovery to continue while a dispositive motion remained pending). So, the possibility of an amended complaint from Mr. Smith supports granting a stay of discovery until the ruling on Community Hospital's motion for judgment on the pleadings.

Mr. Smith began his lawsuit against Community Hospital on February 2, 2018—eight months ago. (Doc. 1). The current discovery deadline is April 30, 2019, and trial is not until November 2019. (Doc. 17). This case is still in its early stages and a brief stay of the discovery deadline will still allow the parties to secure a just, speedy, and inexpensive determination of the issues in this case consistent with the Federal Rules of Civil Procedure. Therefore, Community Hospital's motion to stay discovery pending the ruling on its motion for judgment on the pleadings is granted.[2]

---

[2] Community Hospital's motion for judgment on the pleadings includes an alternative motion for summary judgment. (Docs. 23, 24). A court abuses its discretion when it denies a party

4

## III. CONCLUSION

Community Hospital's motion for judgment on the pleadings presents a purely legal question that requires no discovery. Further, briefly staying discovery until the ruling on Community Hospital's motion for judgment on the pleadings will prevent the parties from incurring undue expenses due to discovery. Therefore, Community Hospital's motion to stay discovery (Doc. 26) is **GRANTED**.

**ORDERED** in Tampa, Florida, on October 10, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

the chance to obtain discovery that relates to a summary judgment motion. *Panola Land Buyers Ass'n*, 762 F.2d at 1560 (quotation and citations omitted). Thus, in light of the stay of discovery, the court will not consider the alternative motion for summary judgment and instead will consider the motion under the standard for motions for judgment on the pleadings only.