**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BEN SMITH,**

        **Plaintiff,**

v.                                    **Case No. 8:18-cv-270-T-AAS**

**UNIVERSITY COMMUNITY**
**HOSPITAL, INC. d/b/a FLORIDA**
**HOSPITAL CARROLLWOOD,**

        **Defendant.**
_____/

## <u>ORDER</u>

University Community Hospital (Community Hospital) moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Docs. 23, 24). Ben Smith opposes Community Hospital's motion. (Doc. 25). Except for one state law claim, Mr. Smith failed to plead facts showing he is plausibly entitled to relief. Therefore, Community Hospital's motion for judgment on the pleadings is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.    BACKGROUND

Mr. Smith sued Community Hospital alleging violations of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collections Practices Act (FCCPA). (Doc. 1). Mr. Smith's causes of action arise out of medical treatment he received from Community Hospital (doing business as Florida Hospital Carrollwood). (*Id.* at 2). According to Mr. Smith, Community Hospital violated the FDCPA and FCCPA when Community Hospital (1) filed and posted a lien on Mr. Smith's

outstanding medical bill in Hillsborough County's public records and (2) sent a notification letter and copy of the hospital lien to Mr. Smith. (Doc. 1). Community Hospital denies it violated the FDCPA and FCCPA. (Doc. 10).

At issue here is Community Hospital's motion for judgment on the pleadings. (Docs. 23, 24). Community Hospital argues neither the hospital Community Hospital filed in Hillsborough County's public records nor the notification letter Community Hospital sent to Mr. Smith constitute debt collection under the FDCPA or FCCPA. (Doc. 24). So, Community Hospital concludes judgment on the pleadings is appropriate. (*Id.*).

Mr. Smith argues judgment on the pleadings is inappropriate for three reasons. (Doc. 25). First, Mr. Smith argues filing a hospital lien constitutes debt collection under the FDCPA and FCCPA. (*Id.*). Second, Mr. Smith argues that, even if filing a hospital lien is not debt collection, Community Hospital still violated Section 1692c(b) of the FDCA and Section 559.72(14) of the FCCPA by disclosing the hospital lien to third parties when Community Hospital recorded its lien in Hillsborough County's public records. (*Id.*). And, third, Mr. Smith argues Community Hospital violated Section 1692c of the FDCPA and Section 559.72(18) of the FCCPA when it sent its notification letter to Mr. Smith despite knowing he was represented by counsel. (*Id.*). Therefore, Mr. Smith concludes judgment on the pleadings is inappropriate. (*Id.*).

## II.    LEGAL STANDARD

A party may move for judgment on the pleadings after all parties submit their

pleadings. Fed. R. Civ. P. 12(c). The standard for deciding motions for judgment on the pleadings under Rule 12(c) is the same for motions to dismiss under Rule 12(b)(6): "whether the count stated a claim for relief." *Sun Life Assur. Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018) (citations omitted).

A complaint must include enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint must include factual allegations plausibly suggesting—not merely consistent with—the plaintiff's entitlement to relief. *Imperial Premium*, 904 F.3d at 1207 (quotation and citations omitted).

The court must accept all factual allegations in the complaint as true and view the facts in the light most favorable to the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citations omitted); *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted). Although a complaint need not contain detailed factual allegations, conclusory allegations are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555, 570 (citations omitted); *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Iqbal*, 556 U.S. at 679. A court may properly dismiss a complaint that rests on "conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts." *Infante v. Bank of Am. Corp.*, 468 F. App'x 918, 919 (11th

Cir. 2012) (citation omitted).

Judgment on the pleadings is proper when no issues of material fact exist and the moving party is entitled to judgment as a matter of law based on the pleadings. *Cunningham*, 592 F.3d at 1255 (quotation and citation omitted). Courts are generally limited to analyzing the pleadings when deciding a motion for judgment on the pleadings. *Horsley v. Feldt*, 304 F.3d 1125, 1136 n.6 (11th Cir. 2002) (citations omitted). That said, courts may consider documents attached to answers when the documents are central to a claim and the documents' authenticity is undisputed. *Horsley*, 304 F.3d at 1134–35.

The October 10th order pointed out Community Hospital included the two documents central to Mr. Smith's claims: the notification letter Florida Hospital Carrollwood sent Mr. Smith and the "Hospital Claim of Lien" filed with Hillsborough County. (Doc. 28, 3). The court will consider these documents when analyzing Community Hospital's motion for judgment on the pleadings because they are central to Mr. Smith's claims and Mr. Smith never disputed the documents' authenticity.

## III. ANALYSIS

### A. FDCPA Claims

To state a plausible claim under the FDCPA, a plaintiff must allege (1) the defendant is a debt collector, (2) the defendant's challenged conduct is related to debt collection, and (3) the defendant's actions violate the FDCPA. 15 U.S.C. § 1692; *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012); *Smith v. ARS Nat'l Serv., Inc.*, 102 F. Supp. 3d 1276, 1278 (M.D. Fla. 2015) (quotation

and citation omitted). The court will address whether Mr. Smith sufficiently pleaded each element of his FDCPA claims in turn.

### 1. Whether Community Hospital is a Debt Collector

In relevant part, the FDCPA defines "debt collector" the following way:

> any person who uses any instrumentality of interstate commerce or the mails in any business the primary purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). To sufficiently allege the defendant is a debt collector under the FDCPA, the plaintiff must plead enough facts for the court to infer the defendant (1) used "an instrumentality of interstate commerce or the mails in operating a business that has the principal purpose of collecting debts" or (2) "regularly attempts to collect debt." *Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 800 (11th Cir. 2016) (quoting Section 1692a(6)); *Reese*, 678 F.3d at 1218.[1]

Conclusory allegations that the defendant is a debt collector fail to support a plausible claim for relief under the FDCPA. *Farquharson*, 664 F. App'x at 800. The conclusory allegation that the defendant "regularly attempts to collect debts not owed to it" also fails to support a claim for relief under the FDCPA. *Kurtzman v. Nationstar Mortgage LLC*, 709 F. App'x 655, 659 (11th Cir. 2017); *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1318 (11th Cir. 2015).

Mr. Smith failed to allege enough facts for the court to reasonably infer Community Hospital meets the definition of debt collector under the FDCPA. In the

---

[1] *Compare* 15 U.S.C. § 1692a(6) (defining debt collector) *with* 15 U.S.C. § 1692a(4) (defining creditor as any person "to whom a debt is owed").

"Preliminary Statement" section of his complaint, Mr. Smith alleges Community Hospital "is a debt collector within the meaning of the FDCPA as it was attempting to collect a debt in a name other than its own, ie. [sic] Patient Financial Services." (Doc. 1, p. 3). Then, in his "Allegation as to Parties" section, Mr. Smith alleges Community Hospital "is a debt collector within the meaning of the FDCPA as University Community Hospital was attempting to collect a debt in a name other than its own." (Doc. 1, p. 4).

Mr. Smith's allegations are not enough for the court to reasonably infer that the primary purpose of Community Hospital's business is to regularly attempt to collect debt owed to another. Therefore, Mr. Smith failed to sufficiently allege Community Hospital is a debt collector under the FDCPA.

### 2. Whether Conduct is Connected to Debt Collection

The FDCPA prohibits specific actions or omissions committed "in connection with the collection of any debt." 15 U.S.C. § 1692; *Pinson v. Albertelli Law Partners LLC*, 618 F. App'x 551, 553 (11th Cir. 2015). Courts determine if the defendant's challenged conduct legally constitutes an FDCPA violation when deciding if the plaintiff sufficiently pleaded causes of action under the FDCPA. *See, e.g., Dyer v. Select Portfolio Serv., Inc.*, 108 F. Supp. 3d 1278, 1280 (M.D. Fla. 2015) (determining whether the defendant's communications were connected to debt collection in a Rule 12(b)(6) motion to dismiss); *McElveen v. Westport Recovery Corp.*, 310 F. Supp. 3d 1374, 1380 (S.D. Fla. 2018) (same).

Whether the defendant's challenged conduct is connected to debt collection

depends on the section of the FDCPA under which the plaintiff brings his claims. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1201 (11th Cir. 2010) (stating that the Eleventh Circuit has not adopted the least-sophisticated consumer standard for all purposes under the FDCPA).

Community Hospital argues Mr. Smith's complaint fails to state a plausible claim for relief under the FDCPA (and FCCPA) because filing a hospital lien is not "debt collection" under Florida law. (Doc. 24, pp. 3–4). But the case Community Hospital cites for support addressed hospital liens in the context of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA)—not the FDCPA or FCCPA. *See Baker v. Baptist Hosp., Inc.*, 115 So.3d 1123, 1126 (Fla. 1st Dist. Ct. App. 2013) (holding that filing a hospital lien fails to meet the definition of "trade or commerce" under the FDUTPA). Further, the purpose of a lien is to create an interest in a debtor's property until a debt is paid. *Black's Law Dictionary* 1063 (10th ed. 2014); *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 374 F.3d 1011, 1013–14 (11th Cir. 2004) (stating that filing a lien is a legally permissible way to secure a debt); *see also Madura v. Lakebridge Condominium Ass'n, Inc.*, 382 F. App'x 862, 865 (11th Cir. 2010) (discussing how defendant filed a lien because of a debt the plaintiff owed).

Community Hospital's argument that filing its lien is not debt collection is unsuccessful because the purpose of filing its lien is to secure a debt. Therefore, the court will analyze whether Community Hospital's actions were connected to debt collection for each section under which Mr. Smith brings his claims.

*i.*      *FDCPA Claims under 1692e and 1692f*

Mr. Smith alleges Community Hospital violated Sections 1692e and 1692f of the FDCPA. (Doc. 1, p. 6). Section 1692e prohibits a debt collector from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

If a communication provides information about a debt and the goal of the communication is partly to induce payment from the debtor, that communication is connected or related to debt collection. *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014) (citation omitted). The least-sophisticated consumer standard applies in Sections 1692e and 1692f when determining if the defendant's communications are connected to debt collection. *LeBlanc*, 601 F.3d at 1193, 1201. The least-sophisticated consumer has "a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* at 1194 (citation omitted). The least-sophisticated consumer standard has an objective component that protects against unreasonable interpretations of collection notices while also protecting naïve consumers. *Id.* (quotation and citation omitted).

Factors that determine whether a communication is connected or related to debt collection from the perspective of the least-sophisticated consumer include the following: whether the document states the amount of debt; whether the document states how the debt can be paid; whether the document states fees and costs will be assessed until the debt is paid; whether the document states it is an attempt to collect

a debt; and whether the document states the sender is acting as a debt collector. *Pinson*, 618 F. App'x 553–54 (citations omitted); *Farquharson*, 664 F. App'x at 801–02 (citations omitted); *Alabama v. Ctrs. for Medicare and Medicaid Servs.*, 674 F.3d 1241 (11th Cir. 2012).

Neither the notification letter Community Hospital sent Mr. Smith nor the "Hospital Claim of Lien" Community Hospital filed with Hillsborough County's public records (a copy of which Community Hospital sent Mr. Smith) constitute communications connected or related to debt collection under Sections 1692e or 1692f of the FDCPA. The notification letter states the "Amount of Charges" for the services Mr. Smith received at Community Hospital but does not characterize that amount as a debt. (Doc. 10-1). In fact, after stating the letter notifies Mr. Smith of Community Hospital's lien on the services provided, the letter specifically states, "This lien is not a lien against Ben Smith or any other property or assets of thereof and is not evidence of the patient's failure to pay a debt." (*Id.*). The letter also states Community Hospital's lien "does not represent any action or judgment against Ben Smith and is limited only to any proceeds arising from the following known auto coverages." (*Id.*). The letter then lists Liberty Mutual as the relevant insurance company. (*Id.*).

After stating Mr. Smith received services from Community Hospital, the "Hospital Claim of Lien" includes the following statement:

> That Ben Smith is indebted to the University Community Hospital, Inc., d/b/a Florida Hospital Carrollwood in the sum of $31,924.66 for such hospital care, treatment and maintenance and that said sum is now due and owing Florida Hospital Carrollwood as a reasonable and necessary charge for such hospital care, treatment and maintenance.

(Doc. 10-2). The claim then lists Liberty Mutual as the corporation claimed liable for Mr. Smith's illness or injuries. (*Id.*). Before the Community Hospital representative's signature and the notarization, the following paragraph is included:

> This claim is furnished to and filed with the Clerk of the Circuit Court, Hillsborough County, Florida, that part owing and belong to Ben Smith of any recovery of money or sum had or collected or to be collected, whether by judgment, settlement, settlement agreement of compromise, to the extent of the aforesaid reasonable and necessary charges of Florida Hospital for the hospital care, treatment and maintenance of said Ben Smith, up to the date of such payment and recording hereof shall constitute notice of such lien to app persons, firms or corporations who pay any judgment, settlement or compromise to said Ben Smith arising out of any claim for damages for such illness or injury which the said Ben Smith has against such person, firms or corporations, their assignees, agents, or patties [sic] having interest by or through such persons, firms or corporations.

(*Id.*). Neither the notification letter nor the "Hospital Claim of Lien" states how Mr. Smith can pay off Community Hospital's lien. Neither document states fees or costs will be assessed until the lien is paid off. Neither document states it is an attempt to collect a debt. And neither document states the sender is acting as a debt collector. Although the "Hospital Claim of Lien" states Mr. Smith is "indebted" to Community Hospital, the least-sophisticated consumer would understand the entire document to only be a copy of the lien Community Hospital filed with the county—not a demand for payment.

The least-sophisticated consumer would understand the notification letter and "Hospital Claim of Lien" Community Hospital sent to Mr. Smith to be informational and not a communication connected or related to debt collection. Therefore, as a matter of law, Mr. Smith's complaint fails to state a claim for relief under Sections

1692e and 1692f of the FDCPA.

ii.    *FDCPA Claim under 1692d*

Mr. Smith alleges Community Hospital violated Section 1692d of the FDCPA. (Doc. 1, p. 5). That section states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d.

An "adapted" version of the least-sophisticated consumer standard applies when determining if the defendant's actions are connected to debt collection under Section 1692d. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985); *LeBlanc*, 601 F.3d at 1201 n.33. In determining whether a communication is connected to debt collection under 1692d, courts view the communication "from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse." *Jeter*, 760 F.2d at 1179.

Section 1692d is designed to protect against "coercion and delving into the personal lives of debtors." *Id.* at 1180, n.12 (citations omitted). Two letters threatening a lawsuit against a debtor if he fails to arrange paying off his debt do not constitute harassment or abuse under Section 1692d. *Id.* at 1179–80. An oppositional statement filed with the court disputing a motion to dissolve a writ of garnishment is also not harassment or abuse under Section 1692d. *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1305 (11th Cir. 2015). Instead, for conduct to violate Section 1692d, the conduct must manifest "a tone of intimidation." *Id.* (quoting *Jeter*).

Neither the notification letter or the "Hospital Claim of Lien" manifested a tone

of intimidation to constitute abuse or harassment under Section 1692d. A consumer whose circumstances make him relatively more susceptible to harassment or abuse would understand Community Hospital's documents to be informational—not harassing or abusive. Neither document included statement warning of serious action if Mr. Smith failed to pay off Community Hospital's lien. Therefore, as a matter of law, Mr. Smith's complaint fails to state a claim for relief under Section 1692d.

### iii.    FDCPA Claim under 1692c(b)

Mr. Smith alleges Community Hospital violated Section 1692c(b) of the FDCPA. (Doc. 1, p. 5). That section states the following:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

§ 1692c(b).[2] A complaint must include enough facts for the court to infer illegality when alleging a violation of Section 1692c(b). *Barnes v. Seterus, Inc.*, No. 13-81021-CV, 2013 WL 6834720, at *1 (S.D. Fla. Dec. 26, 2013); *Monty v. Weltman Weinberg & Ross Co., LPA*, No. 13-80800-CIV, 2013 WL 6511741, at *2 (S.D. Fla. Dec. 12, 2013). Courts broadly construe whether a defendant's action was "in connection with the collection of any debt" under Section 1692c(b). *Dauval v. MRS BPO, LLC*, No. 8:11-

---

[2] Section 1692b is the provision that allows debt collectors to communicate with third parties to obtain information about a consumer. 15 U.S.C. § 1692b.

CV-2703-T-MAP, 2013 WL 9921550, at *9–10 (M.D. Fla. June 27, 2013) (citing *West v. Nationwide Credit, Inc.*, 998 F. Supp. 642, 645 (W.D.N.C. 1998).

Mr. Smith's complaint includes enough facts for the court to infer Community Hospital's actions violated Section 1692c(b). In the "Preliminary Statement" section, Mr. Smith alleges the following:

> On or about July 6, 2017, University Community Hospital. d/b/a Florida Hospital Carrollwood using the name Patient Financial Services caused to be filed and posted in the public records of Hillsborough County a Hospital Claim of Lien stating that Ben Smith was indebted to the defendant University Community Hospital. d/b/a Florida Hospital Carrollwood.

(Doc. 1, p. 3). Then, in Count I, which lists Community Hospital's alleged violations of the FDCPA, Mr. Smith's complaint states the following:

> 15 U.S.C. 1692c) (b) which states: Except as provided <u>in section 1692b of this title</u>, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the credit, the attorney of the creditor, or the attorney of the debt collector by posing lien on the public records of Hillsborough County alleging plaintiff owed money University Community Hospital. d/b/a Florida Hospital Carrollwood for all to see.

(*Id.* at 5). Mr. Smith's complaint includes enough facts to infer Community Hospital communicated with third parties in connection to a debt. Therefore, Mr. Smith's complaint has enough facts to show that Community Hospital's actions were connected to debt collection under Section 1692c(b).

3.  <u>Prohibited Acts</u>

The third requirement to sufficiently plead violations under the FDCPA is that

the complaint must show the defendant's actions violate the relevant FDCPA provisions. *Smith*, 102 F. Supp. 3d at 1278 (M.D. Fla. 2015) (quotation and citation omitted). Mr. Smith's complaint fails to meet this requirement under Sections 1692e, 1692f, and 1692d, because Community Hospital's actions, as a matter of law, do not violate those sections of the FDCPA.

Although Mr. Smith's complaint has enough facts to show Community Hospital's actions were connected or related to debt collection under Section 1692c(b) (as explained in Section III(A)(2)(iii) of this order), Mr. Smith's complaint fails to show Community Hospital acted in a way Section 1692c(b) prohibits. Mr. Smith's complaint has no allegations showing Community Hospital acted without Mr. Smith's prior consent. The complaint has no allegations that Community Hospital's actions were not "reasonably necessary to effectuate a postjudgment judicial remedy." Therefore, even though Community Hospital's actions may have been connected or related to debt collection, Mr. Smith failed to sufficiently allege Community Hospital's actions are prohibited by Section 1692c(b) of the FDCPA.

4.    Review of Mr. Smith's FDCPA Claims

Mr. Smith's complaint fails to state a claim for relief on his claims under Sections 1692e, 1692f, and 1692d of the FDCPA, because he failed to sufficiently allege that Community Hospital is a debt collector and Community Hospital's actions, as a matter of law, were not connected or related to debt collection.

Mr. Smith's complaint also fails to sufficiently allege Community Hospital violates Section 1692c(b) of the FDCPA because he failed to sufficiently allege that

Community Hospital is a debt collector and he failed to show Community Hospital's actions are prohibited by Section 1692c(b). Mr. Smith's complaint, however, includes enough facts to allege Community Hospital's actions are connected or related to debt collection under Section 1692c(b).

## B.    FCCPA Claims

To properly plead FCCPA claims, the plaintiff must allege knowledge or intent by the alleged debt collector. *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009) (quotation and citation omitted). When applying the FCCPA, courts must give "due consideration and great weight" to interpretations of the FDCPA from the Federal Trade Commission and federal courts. Fla. Stat. § 559.77(5). The FDCPA definition of debt collection applies when evaluating claims brought under the FCCPA, which has no definition for debt collection. *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007), *aff'd* 288 F. App'x 571 (11th Cir. 2008).

Conclusory allegations that simply track the statutory language from the FCCPA are insufficient. *In re Lamb*, 409 B.R. 534, 541 (N.D. Fla. 2009) (citations omitted); *Munch v. Credit Protection Ass'n, LP*, No. 8:13-CV-1179-T-17EAJ, 2015 WL 1243201, at *2–3 (M.D. Fla. Mar. 18, 2015) (citations omitted); *Locke v. Wells Fargo Home Mortg.*, No. 10-60286-CIV, 2010 WL 4941456, at *2–3 (S.D. Fla. Nov. 30, 2010) (citations omitted). The complaint must instead include basic facts to support the complaint's allegations. *Nardolilli v. Bank of Am.*, No. 12-81312-CIV-MIDDLEBROOKS/BRANNON, 2013 WL 12154541, at *3 (S.D. Fla. Dec. 5, 2013)

(citations omitted).

Mr. Smith alleges Community Hospital violated Sections 559.72(3), 559.72(5), 559.72(6), 559.72(7), 559.72(9). 559.72(14), and 559.72(18) of the FCCPA. (Doc. 1). The court will analyze whether Mr. Smith's complaint plausibly alleges claims for relief under each section of the FCCPA.

    1.    <u>Claim under Section 559.72(3) of the FCCPA</u>

Section 559.72(3) states that a person must not do the following:

> (3) Tell a debtor who disputes a consumer debt that he or she or any person employing her or him will disclose to another, orally or in writing, directly or indirectly, information affecting the debtor's reputation for credit worthiness without also informing the debtor that the existence of the dispute will also be disclosed as required by subsection (6).

Fla. Stat. § 559.72(3). Mr. Smith's complaint alleges no facts showing Community Hospital told Mr. Smith that it would tell others about Community Hospital's lien on Mr. Smith's outstanding medical bill. Therefore, Mr. Smith failed to state a plausible claim for relief under Section 559.72(3) of the FCCPA.

    2.    <u>Claim under Section 559.72(5) of the FCCPA</u>

Section 559.72(5) states that a person must not do the following:

> (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

Fla. Stat. § 559.72(5). Mr. Smith's complaint alleges Community Hospital "filed and posted in the public records of Hillsborough County" its lien on Mr. Smith's medical bill. (Doc. 1, p. 3). But his complaint alleges no facts showing Community Hospital

knew others had no legitimate business need for that information. Therefore, Mr.

Smith's complaint fails to state a plausible claim for relief under Section 559.72(5) of

the FCCPA.

    3.    <u>Claim under Section 559.72(6) of the FCCPA</u>

Section 559.72(6) states that a person must not do the following:

> (6) Disclose information concerning the existence of a debt known to be
> reasonably disputed by the debtor without disclosing that fact. If a
> disclosure is made before such dispute has been asserted and written
> notice is received from the debtor that any part of the debt is disputed,
> and if such dispute is reasonable, the person who made the original
> disclosure must reveal upon the request of the debtor within 30 days the
> details of the dispute to each person to whom disclosure of the debt
> without notice of the dispute was made within the preceding 90 days.

Fla. Stat. § 559.72(6). Mr. Smith's complaint fails to allege facts showing Community

Hospital disclosed information about its lien on Mr. Smith's medical bill knowing Mr.

Smith reasonably disputed the lien. Nor does Mr. Smith's complaint allege

Community Hospital failed to disclose the fact that Mr. Smith disputed Community

Hospital's lien. Therefore, Mr. Smith's complaint fails to allege a plausible claim for

relief under Section 559.72(6) of the FCCPA.

    4.    <u>Claim under Section 559.72(7) of the FCCPA</u>

Section 559.72(7) states that a person must not do the following:

> (7) Willfully communicate with the debtor or any member of her or his
> family with such frequency as can reasonably be expected to harass the
> debtor or her or his family, or willfully engage in other conduct which
> can be reasonably be expected to abuse or harass the debtor or any
> member of her or his family.

Fla. Stat. § 559.72(7). Mr. Smith's complaint contains no facts showing Community

Hospital communicated with him or his family "with such frequency as can

reasonably be expected to harass" Mr. Smith or his family. A complaint alleging a violation under Section 559.72(7) must include enough facts to "satisfy the purpose and frequency elements of a statutory claim under the FCCPA." *Locke*, 2010 WL 4941456, at *2; *see also Munch*, 2015 WL 1243201, *2 (finding conclusory allegations insufficient to state a claim under Section 559.72(7)).

Besides the notification letter and "Hospital Claim of Lien" Community Hospital sent Mr. Smith, Mr. Smith's complaint contains no other facts showing Community Hospital communicated with him about its lien. Therefore, his complaint fails to state a plausible claim for relief under Section 559.72(7) of the FCCPA.

### 5. Claim under Section 559.72(9) of the FCCPA

Section 559.72(9) states that a person must not do the following:

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(9). Mr. Smith's complaint contains no facts showing Community Hospital knew its lien on Mr. Smith's medical bills is not legitimate. Conclusory allegations that track statutory language are insufficient to state a claim under Section 559.72(9). *Munch*, 2015 WL 1243201, at *3. Mr. Smith's complaint simply claims Community Hospital violated Section 559.72(9) and tracks that statute's language. So, his complaint fails to state a claim for relief under Section 559.72(9).

### 6. Claim under Section 559.72(14) of the FCCPA

Section 559.72(14) states that a person must not do the following:

> (14) Publish or post, threaten to publish or post, or cause to be published or posted before the general public individual names or any list of names

of debtors, commonly known as a deadbeat list, for the purpose of enforcing or attempting to enforce collection of consumer debts.

Fla. Stat. § 559.72(14). Mr. Smith's complaint alleges Community Hospital "filed and posted in the public records of Hillsborough County" a copy of its lien on Mr. Smith's medical bill. (Doc. 1, p. 3).[3] These allegations state a plausible claim for relief under Section 559.72(14) of the FCCPA.

### 7. Claim Under Section 559.72(18) of the FCCPA

Section 559.72(18) states that a person must not do the following:

> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Fla. Stat. § 559.72(18). Mr. Smith's complaint alleges Community Hospital sent him the notification and "Hospital Claim of Lien" despite knowing he was represented by counsel. (Doc. 1, p. 3). But this type of conclusory language is not entitled to a presumption of truth. *See Nardolilli*, 2013 WL 12154541, at *4 (dismissing claims under FCCPA, including Section 559.72(18), because the claims simply tracked the FCCPA's statutory language). Mr. Smith's complaint includes no basic facts showing Community Hospital knew he was represented by counsel. Therefore, Mr. Smith's

---

[3] Although Section 28-142 of Hillsborough County's Code of Ordinances allows hospitals to file and post liens for medical bills, Community Hospital cites no state law that allows hospitals to file and post liens for medical bills. *See also Shimek*, 374 F.3d at 1012 (holding that the FDCPA allows debt collectors to contemporaneously file a lien and send a demand letter to debtor "so long as the initial filing of that lien is permitted by *state law*") (emphasis added).

complaint fails to state a claim under Section 559.72(18) of the complaint.

8.    Review of Mr. Smith's FCCPA Claims

Mr. Smith's complaint fails to allege plausible claims for relief under Sections 559.72(3), 559.72(5), 559.72(6), 559.72(7), 559.72(9), and 559.72(18) of the FCCPA. But Mr. Smith's complaint sufficiently alleges Community Hospital violated Section 559.72(14) of the FCCPA.

9.    Supplemental Jurisdiction over Mr. Smith's FCCPA Claims

A district court may decline to exercise supplemental jurisdiction over state law claims if the court dismisses all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c); *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352–53 (11th Cir. 1997) (stating that state law claims are best resolved by state courts when the district court dismisses all federal law claims before trial) (citations omitted). When determining whether to exercise supplemental jurisdiction under Section 1367, the district court considers judicial economy, convenience, fairness, and comity. *Baggett*, 117 F.3d at 1353 (citations omitted). The decision to exercise supplemental jurisdiction is within the court's discretion. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (citation omitted).

Mr. Smith's complaint currently fails to state a cause of action under federal law, namely the FDCPA. The only claim sufficiently pleaded at this time is Mr. Smith's claim under Section 559.72(14) of the FCCPA. The court will allow Mr. Smith to amend his complaint. If he fails to amend, or if his amended complaint fails to state a cause of action under federal law, the court will decline to exercise jurisdiction

over his FCCPA claim.

## IV.   CONCLUSION

Mr. Smith failed to allege a plausible claim for relief under Sections 1692e, 1692f, and 1692d of the FDCPA because he failed to show Community Hospital is a debt collector.  Further, Community Hospital's actions, as a matter of law, were not connected or related to debt collection under Sections 1692e, 1692f, and 1692d.

Mr. Smith failed to state a claim for relief under Section 1692c(b) of the FDCPA because he failed to show Community Hospital is a debt collector and that Community Hospital's actions are prohibited by Section 1692c(b).  But Mr. Smith pleaded enough facts to show Community Hospital actions were connected or related to debt collection under Section 1692c(b) of the FDCPA.

Mr. Smith failed to allege a plausible claim for relief under Sections 559.72(3), 559.72(5), 559.72(6), 559.72(7), 559.72(9), and 559.72(18) of the FCCPA.  But he pleaded enough facts to show a plausible claim for relief under Section 559.72(12) of the FCCPA.  Therefore, Community Hospital's motion for judgment on the pleadings (Docs. 23, 24) is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:

1.    Community Hospital's motion for judgment on the pleadings is **GRANTED** with respect to Mr. Smith's claims brought under Sections 1692e, 1692f, and 1692d of the FDCPA.  Those claims are **DISMISSED**.

2.    Community Hospital's motion for judgment on the pleadings is **GRANTED** with respect to Mr. Smith's claim brought under Section 1692c(b) of the FDCPA.  To proceed on his Section 1692c(b) claim, Mr.

Smith's amended complaint must allege a plausible claim for relief consistent with this order.

3.    Community Hospital's motion for judgment on the pleadings is **GRANTED** with respect to Mr. Smith's claims under Sections 559.72(5), 559.72(6), 559.72(7), 559.72(9), and 559.72(18) of the FCCPA.

4.    Community Hospital's motion for judgment on the pleadings is **DENIED** with respect to Mr. Smith's claim under Section 559.72(12) of the FCCPA.

5.    Consistent with paragraphs 2 and 4, Mr. Smith may submit an amended complaint. If he chooses to amend his complaint, Mr. Smith must submit his amended complaint by **January 31, 2019**. Failure to submit an amended complaint by January 31st will result in the court entering a judgment consistent with this order and declining to exercise jurisdiction over the one remaining state law claim.

**ORDERED** in Tampa, Florida, on January 7, 2019.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge