UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEN SMITH,

    Plaintiff,

v.                                        Case No. 8:18-cv-270-T-AAS

UNIVERSITY COMMUNITY
HOSPITAL, INC. d/b/a FLORIDA
HOSPITAL CARROLLWOOD,

    Defendant.
_____/

## ORDER

Community Hospital moves for partial summary judgment on the sole issue of whether it, as a creditor, is subject to the Fair Debt Collection Practices Act (FDCPA). (Doc. 37). Mr. Smith opposes the motion. (Doc. 38). Mr. Smith moves more broadly for summary judgment on all of his claims. (Doc. 39). Community Hospital opposes the motion. (Doc. 40). Because issues of material fact remain in dispute, the cross-motions for summary judgment are **DENIED**.

### I.    BACKGROUND

Mr. Smith sues Community Hospital alleging violations of the FDCPA and the Florida Consumer Collections Practices Act (FCCPA). (Doc. 1). Mr. Smith's causes of action arise out of medical treatment he received from Community Hospital (doing business as Florida Hospital Carrollwood). (*Id.* at 2). According to Mr. Smith, Community Hospital violated the FDCPA and the FCCPA when Community Hospital (1) filed and posted a lien of Mr. Smith's outstanding medical bill in Hillsborough

County's public records and (2) sent a notification letter and copy of the hospital lien to Mr. Smith. (Doc. 1). Mr. Smith alleges Community Hospital violated Sections 1692c(b), 1692d, 1692e, and 1692f of the FDCPA and Sections 559.72(3), 559.72(5), 559.72(6), 559.72(7), 559.72(9), 559.72(14), and 559.72(18) of the FCCPA. (*Id.*). Community Hospital denies it violated the FDCPA and the FCCPA. (Doc. 10).

Community Hospital moved for judgment on the pleadings. (Doc. 23, 24). Mr. Smith opposed the motion. (Doc. 25). In a detailed order, the court held Mr. Smith could submit an amended complaint on the following (1) Section 1692c(b) of the FDCPA and (2) Section 559.72(14) of the FCCPA.[1] (Doc. 30 at 21–22). The court granted Community Hospital's motion for judgment on the pleadings for all other sections of the FDCPA and the FCCPA alleged by Mr. Smith. (*Id.*)

Mr. Smith filed an amended complaint on January 23, 2019. (Doc. 31). Mr. Smith continues to alleges Community Hospital is subject to the FDCPA because Community Hospital meets the false name exemption, 15 U.S.C. § 1692a(6). (Doc. 31, ¶ 17–19). Mr. Smith also alleges Community Hospital violated Sections 1692c(b) and 1692c(a)(2) of the FDCPA and Sections 559.72(9), 559.72(14), and 559.72(18) of the FCCPA. (*Id.* at ¶20–21).

Community Hospital answered and asserted affirmative defenses. (Doc. 32). Community Hospital moves for summary judgment on whether Community Hospital

---

[1] Previously, the court granted-in-part and denied-in-part Community Hospital's motion for judgment on the pleadings and provided detailed instruction to Mr. Smith for his amended complaint. (Doc. 30). Within that order, there was a typographical error. At the end of the order, the court denied Community Hospital's motion for judgment on the pleadings for Section 559.72(12) of the FCCPA, a subsection for which Mr. Smith did not seek relief. (*Id.* at ¶ 4). The correct citation should have been to Section 559.72(14). (Doc. 31, ¶ 21(b)).

2

meets the false name exception. (Doc. 37). Mr. Smith opposes Community Hospital's motion and files a cross-motion for summary judgment on all of his claims. (Doc. 38, 39). Community Hospital opposes Mr. Smith's motion. (Doc. 40).

## II. LEGAL STANDARD

An order granting summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

A moving party is entitled to summary judgment when the nonmoving party fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 316, 323 (1986). The nonmoving party must "go beyond the pleadings and her own affidavits," and she must point to evidence in the record that demonstrates the existence of a genuine issue for trial. *Id.*

"It is the function of the jury to observe demeanor and listen to testimony in order to determine the credibility of witness." *United States v. Davis*, 809 F.2d 1509, 1512–13 (11th Cir. 1987) (citation omitted). If evidence requires credibility determinations or deciding factual inferences in the moving party's favor, summary judgment is inappropriate because the duty to weigh credibility and evidence belongs to the jury when the judge is not the factfinder. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004) (quotation and citation omitted).

The court reviews all record evidence with inferences construed in the nonmoving party's favor. *Id.* at 1192–93 (citation omitted).

Summary judgment need not be granted simply because the parties submit cross-motions for summary judgment. *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quotation and citation omitted). Cross-motions for summary judgment might establish "the non-existence of a factual dispute when . . . they demonstrate a basic agreement concerning what legal theories and material facts are dispositive." *Bricklayers, Masons and Plasterers Int'l Union of Am. v. Stuart Plastering Co., Inc.*, 512 F.2d 1017, 1023 (5th Cir. 1975).[2]

The standard for summary judgment under Rule 56 remains unaffected when the parties submit cross-motions for summary judgment. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005) (citation omitted). The court considers each motion on its own merits and resolves reasonable inferences "against the party whose motion is under consideration." *Torres v. Rock & River Food, Inc.*, 244 F. Supp. 3d 1320, 1327–28 (S.D. Fla. 2016) (citing *American Bankers*, 408 F.3d at 1331).

## III. ANALYSIS

Community Hospital seeks summary judgment on whether Community Hospital meets the false name exemption. (Doc. 37). Mr. Smith seeks summary judgment on whether Community Hospital (1) meets the false name exception of the FDCPA; (2) violated Section 1692c(a)(2) of the FDCPA; (3) violated Section 1692c(b)

---

[2] The former Fifth Circuit's decisions are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

4

of the FDCPA; (4) violated Section 1692d(3) of the FDCPA (even though this claim was not alleged in his amended complaint); (5) violated Section 599.72(7) of the FCCPA (even though this claim was not alleged in his amended complaint); (6) violated Section 599.72(9) of the FCCPA (even though judgment on the pleadings already granted on this claim); (7) violated Section 599.72(14) of the FCCPA; and (8) violated section 599.72(18) of the FCCPA (even though judgment on the pleadings already granted on this claim). (Doc. 39).

A. **The FDCPA Claims**

To obtain summary judgment on an FDCPA claim, the plaintiff must prove (1) he was an object of collection activity arising from consumer debt; (2) the defendant is a debt collector under the FDCPA; and (3) the defendant engaged in activity the FDCPA prohibits. *Goodin v. Bank of America, N.A.*, 114 F. Supp. 3d 1197, 1204 (M.D. Fla. 2015) (citation omitted).

Medical debt falls within the broad definition of "debt" under the FDCPA.[3] *See Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1122 (11th Cir. 2014). Whether summary judgment is appropriate on Mr. Smith's FDCPA claims depends on (1) whether Community Hospital is subject to the FDCPA under the false name exception and (2) whether Community Hospital engaged in activity the FDCPA prohibits.

---

[3] Mr. Smith argues medical bills fit under consumer debt under the FDCPA. (Doc. 39 at 13). Community Hospital does not argue against this issue, so medical debts will be treated as consumer debt. The collection of consumer debt can lead to an FDCPA violation. *Mais*, 768 F.3d at 1122.

5

### 1. Whether Community Hospital is subject to the FDCPA under False Names Exception

Creditors are not subject to the FDCPA. However, a creditor becomes subject to the FDCPA if the creditor "in the process of collecting his own debts uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). This is known as the false name exception, which applies when a creditor uses a name that implies that a third-party is involved in collecting its debts, "pretends to be someone else," or "uses a pseudonym or alias." *Drew v. Rivera*, 1:12-cv-9-MPGRJ, 2012 WL 4088943 at *4 (M.D. Fla. Aug. 6, 2012) (quoting *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 236 (2d Cir. 1998)). A creditor's in-house collection division is not considered a debt collector "so long as [it uses] the creditor's true business name when collecting." S.Rep. No. 95–382 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698. An in-house collection will be exempt from the FDCPA if it collects its own debts in the true name of the creditor or a name under which it has consistently done business. *See Malowney v. Bush/Ross*, No. 8:09-cv1189-T-30TGW, 2009 WL 3806161 at *8 (M.D. Fla. Nov. 12, 2009).

The triggering of the FDCPA does not depend on whether a third-party is in fact involved in the collection but whether the least sophisticated consumer would have the false impression that a third-party was collecting the debt. In evaluating potential violations of the FDCPA, the court must use an objective standard based on whether the "least sophisticated consumer" is deceived by the collection practice. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 (11th Cir. 1985). This standard is

an objective test that presumes the least sophisticated consumer has a "rudimentary amount of information about the world and a willingness to read a collection with some care." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

The parties agree the law requires using the least sophisticated consumer test to analyze who sent the hospital lien. However, the parties disagree and present compelling contrary arguments for how the least sophisticated consumer would determine who sent the lien to Mr. Smith. This dispute precludes summary judgment in either party's favor. Since the evidence requires deciding factual inferences in the moving party's favor, summary judgment is inappropriate because the duty to weigh evidence belongs to the jury when the judge is not the factfinder as here. *See Cleveland*, 369 F.3d at 1193. From reviewing the hospital lien, a reasonable jury could find that Patient Financial Services presented itself in the lien paperwork as part of Community Hospital and not a third-party debt collector, or a reasonable jury could find that Patient Services presented itself as a third-party debt collector rather than an entity within Community Hospital. As a result, both parties' motions for summary judgment are denied and a jury will determine whether the false name exception under Section 1692a(6) of the FDCPA should apply to Community Hospital.

2. <u>Whether Community Hospital violated the FDCPA</u>

In his amended complaint, Mr. Smith alleges Community Hospital violated Sections 1692c(a)(2) and 1692c(b) of the FDCPA.[4] Even though whether Community

---

[4] In his motion, Mr. Smith also seeks a decision that, as a matter of law, Community Hospital violated Section 1692d(3). (Doc. 39 at 13). Mr. Smith, however, did not allege a claim under

7

Hospital is subject to the FDCPA is an issue for the jury, for purposes of deciding the legal issues addressed in the motions, this order will presume Community Hospital is subject to FDCPA.

### a. *Section 1692c(a)(2)*[5]

A debt collector may not communicate with a consumer about a debt if the debt collector knows the consumer is represented by an attorney. 15 U.S.C. § 1692c(a)(2). To prevail on a claim under Section 1692c(a)(2), the plaintiff must prove the debt collector had actual knowledge that he was represented by an attorney. *Erickson v. Gen. Elec. Co.*, 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012).

Mr. Smith presents evidence showing Mr. Smith retained Attorney Rosello to represent him in a personal injury action from an automobile accident. (Doc. 39-3). Mr. Smith offers evidence showing Attorney Rosello informed Community Hospital that he was Mr. Smith's attorney. (*Id.*).

Community Hospital presents evidence showing Mr. Smith authorized the release of his medical records to Attorney Rosello. (Doc. 40-2). Community Hospital asserts Mr. Smith's authorization forms do not reveal that Mr. Smith retained Attorney Rosello as his attorney but only Mr. Smith authorized the release of his medical records to Attorney Rosello. (Doc. 40, ¶ 12).

---

Section 1692d(3) in the amended complaint. (Doc. 31). Summary judgment cannot be entered on a claim not pleaded.

[5] The court previously held Mr. Smith failed to state a claim for Florida Statute § 559.72(18), the Florida equivalent to Section 1692c(a)(2). (Doc. 30 at 19–20). However, Mr. Smith provided additional factual allegations in his amended complaint to state a claim under Section 1692c(a)(2) and provided affidavits in his summary judgment motion showing more facts to support the alleged claim. (Docs. 31, ¶20(e), 39-2, 39-3).

The conflicting evidence about whether Community Hospital had knowledge that Mr. Smith had an attorney precludes summary judgment in Mr. Smith's favor. A reasonable jury could weigh the evidence and conclude Community Hospital did not have actual knowledge that Mr. Smith retained an attorney but rather only knowledge that Mr. Smith authorized Attorney Rosello, who may have represented another party or an insurance carrier, to have access to his records. As a result, Mr. Smith's motion for summary judgment is denied for the claim under Section 1692c(a)(2) of the FDCPA.

### b. *Section 1692c(b)*

Under the FDCPA:

> Except as provided in section 1692b, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). The term "communication" means the conveying of information about a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

Mr. Smith presents evidence denying Community Hospital had his consent before filing the lien in the Hillsborough County public records. (Doc. 31, ¶20(b)). Mr. Smith offers evidence showing Community Hospital had no reason to post the lien because no postjudgment judicial remedy existed. (*Id.* at ¶20(c)). Mr. Smith

9

presents evidence suggesting Community Hospital did not have the permission of a court of competent jurisdiction to file the lien in the public records. (*Id.* at ¶20(d)).

Community Hospital presents evidence showing Mr. Smith signed "Consent to Treatment and Admissions Agreement" when Mr. Smith sought care from Community Hospital. (Doc. 40, ¶15). Community Hospital offers the agreement showing Mr. Smith assigned his rights to Community Hospital including lien damages for services rendered. (Doc. 40-3). Community Hospital presents evidence revealing Mr. Smith agreed to allow Community Hospital to "execute all documents and take all actions deemed necessary by the Hospital to receive payment." (*Id.*).

Considering the evidence, a genuine dispute of material fact exists about whether Mr. Smith consented to allowing Community Hospital to post the lien to the public records under Section 1692c(b). A reasonable jury could weigh the evidence and conclude Mr. Smith consented to the posting of the lien. As a result, Mr. Smith's motion for summary judgment is denied for the claim under Section 1692c(b) of the FDCPA.

B.  **The FCCPA Claims**

The FCCPA has parallel requirements to the FDCPA for obtaining summary judgment. *Strauss v. CBE Grp., Inc.*, 173 F. Supp. 3d 1302, 1311 (S.D. Fla. 2016) (quotation and citation omitted); *see also* Fla. Stat. § 559.77(5) (stating that "due consideration and great weight shall be given to the interpretations of . . . the federal courts relating to the [FDCPA]"). The FCCPA and the FDCPA are not identical, "and a violation of one act does not automatically constitute a violation of the other." *Read*

*v. MFP, Inc.*, 85 So. 3d 1151, 1153 (Fla. 2d Dist. Ct. App. 2012) (citation omitted). As a result, a plaintiff must separately demonstrate violations of the FDCPA and the FCCPA to recover damages under both acts. *Id.*

Like the FDCPA, the plaintiff must prove three elements to obtain summary judgment under the FCCPA: (1) the plaintiff was the object of collection activity arising from consumer debt; (2) the defendant is a debt collector or person under the FCCPA; and (3) the defendant engaged in activity the FCCPA prohibits. *Kelly v. Davis*, No. 3:10CV392-MW/EMT, 2014 WL 12515345, at *7 (N.D. Fla. July 17, 2014) (citations omitted).

Mr. Smith alleged Community Hospital violated Sections 559.72(9), 559.72(14), and 559.72(18) of the FCCPA when Community Hospital sent the lien to Mr. Smith and recorded it in the Hillsborough County public records.[6] Community Hospital denied violations of Sections 559.72(9) and 559.72(18) based on res judicata. (Doc. 32, ¶21(a), (c)). Based on the court's prior order (Doc. 30), Mr. Smith should not have pleaded new allegations under Sections 559.72(9) and 559.72(18), and so the motion for summary judgment on Sections 559.72(9) and 559.72(18) is denied.

Therefore, from Mr. Smith's motion for summary judgment, the only section left for the court to address is 559.72(14). Section 559.72(14) states that a person must not do the following:

> Publish or post, threaten to publish or post, or cause to be published or posted before the general public individual names or any list of names

---

[6] Mr. Smith also seeks a summary judgment order stating that, as a matter of law, Community Hospital violated Section 559.72(7), but Mr. Smith did not allege this claim in his amended complaint. (Doc. 31). A summary judgment order cannot decide whether a plaintiff is entitled to judgment on a claim the plaintiff did not plead.

11

of debtors, commonly known as a deadbeat list, for the purpose of enforcing or attempting to enforce collection of consumer debts.

Fla. Stat. § 559.72(14).

Mr. Smith presents evidence showing Community Hospital filed a Hospital Claim of Lien stating Mr. Smith was indebted to Community Hospital. (Doc. 31, ¶8). Community Hospital presents evidence showing the lien did not specifically state that Mr. Smith did not pay his debts, but rather only that Mr. Smith was indebted to Community Hospital. (Doc. 40, ¶ 29). Community Hospital offers evidence showing the word "indebted" does not equate to a person who does not pay their debts under the statute. (*Id.* at ¶30).

Conflicting evidence precludes summary judgment in Mr. Smith's favor here. A reasonable jury could weigh the evidence and conclude Community Hospital did not intend to post the lien for collection or enforcement. As a result, Mr. Smith's motion for summary judgment is denied for the claim under Section 559.72(14) of the FCCPA.

## IV. CONCLUSION

A genuine dispute of material fact exists about whether Community Hospital (1) meets the false name exception of Section 1692a(6) of the FDCPA; (2) violated Section 1692c(a)(2) of the FDCPA; (3) violated Section 1692c(b) of the FDCPA; and (4) violated Section 599.72(14) of the FCCPA. Much of the evidence presented requires factual inferences and credibility determinations—a task reserved for the factfinder at trial.

Accordingly, it is **ORDERED**:

1.  Community Hospital's motion for summary judgment (Doc. 37) is **DENIED**;

2.  Mr. Smith's motion for summary judgment (Doc. 39) is **DENIED**;

3.  No later than September 13, 2019, counsel for the parties jointly must contact chambers (813-301-5315) to reset the pretrial conference for October 4, 2019, or another date that is mutually convenient for counsel and the court.

**ENTERED** in Tampa, Florida, on September 4, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge